# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT V. WONSCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-77-F ) |
| DEPUTY GARNER, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Robert V. Wonsch, a pretrial detainee appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Amended Complaint [Doc. No. 54] be dismissed.[1]

## I.     Background / Plaintiff's Claims for Relief

Plaintiff's claims arise out of his pretrial detention at the Cleveland County Detention Center (CCDC).[2] He brings sixteen different claims for relief challenging various aspects of his confinement. As relief, Plaintiff seeks compensatory and punitive damages. He also seeks various forms of injunctive relief.

Plaintiff names twenty-eight defendants and brings claims against them in their individual and/or official capacities. As discussed below, many of these defendants are immune from suit

---

[1] Plaintiff's claims are set forth in an attachment to the Amended Complaint, which the Court references as "Ex. 1."

[2] The official name of the detention facility where Plaintiff is housed is the F. Dewayne Beggs Detention Center, located in Cleveland County, State of Oklahoma. Plaintiff interchangeably also refers to the facility as "CCDC." For consistency and ease of reference, the Court similarly refers to his place of detention as CCDC.

and Plaintiff's claims against them should be dismissed on that basis. Other defendants are not suable entities for purposes of § 1983. In addition, Plaintiff fails to state any plausible claims for § 1983 relief. And, pursuant to *Younger*,[3] the Court should abstain from the exercise of jurisdiction over any claims that pertain to Plaintiff's ongoing state criminal proceedings. Because Plaintiff's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over any state law claims.

## II. Screening of Complaint – Governing Standard

Where, as here, a prisoner proceeds in forma pauperis, the court must dismiss the case if, at any time, the court determines the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A claim is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court's review of a complaint under § 1915(e)(2)(B) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous

---

[3] *See Younger v. Harris*, 401 U.S. 37 (1971).

construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition to these standards, the Tenth Circuit has made clear that "context matters" when determining the plausibility of the allegations of a complaint. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). The requirements of Rule 8(a) of the Federal Rules of Civil Procedure are particularly important in the context of a § 1983 action involving multiple claims against multiple defendants. *Id.* at 1249. Thus, the complaint should "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* at 1250 (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to comply with Rule 8, the allegations of the plaintiff's complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated").

### III. Analysis

#### A. Defendants Immune from Suit

##### 1. Eleventh Amendment Immunity Bars Plaintiff's Claims Against the State of Oklahoma, OIDS and the OSBI

Plaintiff brings § 1983 claims against the State of Oklahoma, the Oklahoma Indigent Defense System (OIDS), and the Oklahoma State Bureau of Investigation (OSBI). *See* Am. Compl. Ex. 1, at 2, 11-14, 17. Under Oklahoma law, the OSBI and OIDS are state agencies and therefore qualify as "arms of the state." *Rivard v. Bullard*, No. CIV-14-762-M, 2014 WL 6641682,

3

at *6, n.9 (W.D. Okla. Nov. 21, 2014) ("OIDS is a state agency funded 'almost entirely' through annual appropriations by the Oklahoma Legislature."); Okla. Stat. tit. 74, § 150.1 (establishing OSBI as a state agency).

The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1256 (10th Cir. 2007) (state agencies entitled to Eleventh Amendment immunity). Eleventh Amendment immunity applies to both monetary and injunctive relief. *See Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) (application to injunctive relief); *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 551 (10th Cir. 1978) (application in case seeking monetary damages). While a state may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 actions brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994). Therefore, Plaintiff's § 1983 claims against the State of Oklahoma, OIDS, and the OSBI should be dismissed without prejudice on grounds of Eleventh Amendment immunity.

**2. Judicial Immunity Bars Plaintiff's Claims Against Defendant Schumacher**

Plaintiff brings claims against Tracy Schumacher, a former state district judge in Cleveland County, Oklahoma. Plaintiff claims Defendant Schumacher denied his "Open Records Request," *see* Am. Compl. Ex. 1, at 9, and has denied requests he has made for his "defense file and all discovery & evidence against him," *see id*. at 13. Because Plaintiff's claims against Defendant Schumacher arise out of acts taken by her in her judicial capacity, absolute judicial immunity bars those claims. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (a judge is entitled to absolute judicial immunity for actions taken within his or her judicial capacity); *Hunt v. Bennett*,

17 F.3d 1263, 1266 (10th Cir. 1994) (accord). Accordingly, Plaintiff's claims against Defendant Schumacher should be dismissed with prejudice.

### 3. Prosecutorial Immunity Bars Plaintiff's Claims Against Defendants Mashburn and Puckett

Plaintiff brings claims against Greg Mashburn and Lori Puckett, prosecutors employed by the Cleveland County District Attorney's Office. Plaintiff asserts that Mashburn and Puckett received, read, and used his medical records in his pending state-court criminal case in violation of the Fourth Amendment. Am. Compl. Ex. 1, at 17. Because Plaintiff sues these Defendants for actions taken in the course of his ongoing state criminal proceedings, Defendants are entitled to prosecutorial immunity. *See Nielander v. Bd. of Cty. Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court.") (*citing Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts . . . which occur in the court of [the prosecutor's] role as an advocate for the State . . . are entitled to the protections of absolute immunity."). Therefore, Plaintiff's claims against Defendants Mashburn and Puckett should be dismissed with prejudice.

### B. Defendant James Radford is not a State Actor for Purposes of Section 1983

Plaintiff also sues his court-appointed public defender, James Radford. He claims Defendant Radford refuses to provide him with the "discovery evidence" the State has against him and refuses to subpoena evidence that Plaintiff has "demanded" since the beginning of his representation. *See* Am. Compl. Ex. 1, at 13. "[P]ublic defender[s] do[ ] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995) (*quoting Polk Cty. v. Dodson*,

5

454 U.S. 312, 325 (1981)); *see also Dunn v. Harper Cty*, 520 F. App'x 723, 725-26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant."). Thus, the claims against Defendant Radford should be dismissed with prejudice for failure to state a claim upon which § 1983 relief may be granted.

    **C.**    **Defendants Cleveland County Sheriff's Office, CCDC, Cleveland County Courthouse and, Cleveland County Clerk's Office are Not Suable Entities Under Section 1983**

Plaintiff has also asserted § 1983 claims against the Cleveland County Sheriff's Office, the CCDC, the Cleveland County Courthouse, and the Cleveland County Court Clerk's Office. *See* Am. Compl. Ex. 1, at 1-7, 10-14. These entities are not suable entities under § 1983. *See e.g. Reid v. Hamby*, No. 95-7142, 1997 WL 537909 at *6 (10th Cir. Sept. 2, 1997) (unpublished) (Oklahoma sheriff's department is not a proper entity for purposes of a § 1983 suit); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Reed v. Ottawa Cty. Sheriff's Dep't*, No. 10-CV-305-GKF-TLW, 2010 WL 5209260, at *1 (N.D. Okla. Dec. 16, 2010) ("The Ottawa County Court Clerk's Office . . . [is] also dismissed with prejudice because [it has] no independent legal identity."); *Blackwell v. Tulsa Dist. Courthouse*, No. 13-CV-0757-CVE-FHM, 2013 WL 6191019, at *2 (N.D. Okla. Nov. 26, 2013) (noting "it is unlikely that [a] plaintiff could state a claim for alleged violations of constitutional rights against" a county courthouse). Therefore, Plaintiff's § 1983 claims against the Cleveland County Sheriff's Office, the CCDC, the Cleveland County Courthouse, and the Cleveland County Clerk's Office should be dismissed with prejudice.

### D. Claims Subject to Dismissal for Failure to State a Claim Upon Which Section 1983 Relief May be Granted

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, "[a]n important caveat to any § 1983 claim is that 'the plaintiff must . . . prove a violation of [an] underlying constitutional right.'" *Bird v. West Valley City*, 832 F.3d 1188, 1208 (10th Cir. 2016) (*quoting Daniels v. Williams*, 474 U.S. 327, 330 (1986)).

In addition, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069) (internal quotations marks and citation omitted). Indeed, "[p]ersonal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir.1976). To the extent Plaintiff seeks to impose § 1983 liability on Cleveland County (whether through official capacity claims or by naming the Cleveland County Board of Commissioners), Plaintiff must identify a policy or custom that caused constitutional injury to him. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010); *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) ("A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.").

As discussed below, Plaintiff's claims against the remaining Defendants should be dismissed. Plaintiff fails to allege facts sufficient to state any plausible claim for § 1983 relief and/or has failed to allege facts identifying an individual defendant responsible for the alleged violations of his constitutional rights. *Robbins*, 519 F.3d at 1248. Nor has Plaintiff identified any

policy or custom of the County sufficient to state a plausible claim for imposition of § 1983 liability.

### 1. Claim One – Denial of Access to Grievance Procedures

In Claim One, Plaintiff alleges that he was "never given a 'verbal' explanation nor was [he] able to ask questions about the grievance procedure(s)" at CCDC. *See* Am. Compl. Ex. 1, at 1. He also claims he has been denied the right to appeal his grievances. *Id*. He seeks monetary damages and injunctive relief requesting that the Court "fix the CCDC grievance procedures." *Id*.

It is well-established that a prisoner has no constitutional right to any prison grievance procedure. *See, e.g., Burnett v. Allbaugh*, No. 17-6133, 2017 WL 5157540, at *3 (10th Cir. Nov. 7, 2017) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures.") (*quoting Boyd v. Werholz*, 443 F. App'x. 331, 332 (10th Cir. 2011)); *Brewer v. Gilroy*, 625 F. App'x. 827, 838 (10th Cir. 2015) (unpublished) ("Mr. Brewer has no independent due process rights that arise out of OSP or ODOC employees' disposition of internal grievances."); *Soboroff v. Doe*, 569 F. App'x. 606, 610 (10th Cir. 2014) (unpublished) ("[T]he BOP grievance process is not a constitutional right.") (citations omitted). Accordingly, Claim One should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### 2. Claim Two – Denial of Access to State and Federal Legislators

In Claim Two, Plaintiff states that he filed a request to staff and requested a copy of the names of "all my state and federal legislatures [sic]." *See* Am. Compl. Ex. 1, at 2. He acknowledges that he was provided a copy of the address to the State Capitol so that he could make his request there. *Id*. He states that he wrote a letter, but never received a copy of the names as requested.

8

Plaintiff's claim should be dismissed. Plaintiff fails to identify the violation of any constitutional right, a necessary prerequisite to a § 1983 claim. Significantly, Plaintiff does not state why he has requested the names of the legislators or provide any other context in support of this claim. Accordingly, Claim Two of the Amended Complaint should be dismissed because it fails to state a claim upon which § 1983 relief may be granted.

### 3. Claim Three – Interference with Legal Mail in Violation of First Amendment Rights

In Claim Three, Plaintiff makes vague and conclusory allegations that detention officers interfered with his legal mail. He claims on one occasion his legal mail was "pre-opened." *See* Am. Compl. Ex. 1, at 3. He also claims detention officers "denied my legal mail from being delivered." *Id*. Petitioner's claim is premised on his constitutional right of access to the courts. But where, as here, a plaintiff alleges interference with his legal mail, he must show that the interference "resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (*quoting Lewis v. Casey*, 518 U.S. at 351-53, & n.3). Conclusory allegations of injury in this respect will not suffice. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006); *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999). Plaintiff's conclusory and vague allegations are insufficient to plausibly plead "actual injury" in his efforts to pursue a nonfrivolous legal claim. Therefore, Claim Three should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### 4. Claims Four, Five, Eight and Ten – Denial of Access to the Courts

Plaintiff brings additional claims premised on his constitutional right of access to the courts. In Claim Four he alleges that he has been "denied access to Oklahoma State Bar Lawyers." *See* Am. Compl. Ex. 1, at 4. In Claim Five, he alleges he has been unable to mail documents to

the courts, he is only provided two sheets of paper per week, the CCDC refuses to provide legal assistance and he has encountered difficulties obtaining a certified account statement so that he can proceed in forma pauperis. *Id*. at 5-6. With respect to the allegations regarding his certified account statement, he claims that this case was dismissed as a result. *Id*. at 6.[4] In Claim Eight, he again claims that CCDC "refuses to provide a person trained in law to assist inmates with their legals" and references his need for assistance with divorce proceedings. *Id*. at 10. Finally, in Claim Ten, Plaintiff again references his need for legal assistance with respect to divorce proceedings and challenges a provision of the CCDC's inmate handbook which states that the facility has no law library. *Id*. at 12. He alleges that he has "suffered damages in [his] family law case already." *Id*.

With regard to most of Plaintiff's numerous allegations related to his ability to access courts, he has failed to assert any actual injury. The few allegations of injury alleged are wholly conclusory and, therefore, insufficient to demonstrate a plausible claim of actual injury. *See, e.g.,* Am. Compl. Ex. 1, at 12 ("Because I was denied access to a law library I could not research laws for my divorce case, nor could I research my Rights [sic]."); *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (finding prisoner's claims of denial of access to a law library and allegations that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts).

Other issues presented by Plaintiff do not implicate a constitutional right at all. Plaintiff does not have a right to access a law library, *see United States v. Taylor*, 183 F.3d 1199, 1204

---

[4] Plaintiff is incorrect. This action was never dismissed. After a Report and Recommendation was filed recommending dismissal for failure to submit his certified account statement [Doc. No. 29], the District Court gave Plaintiff additional time to submit the required documentation [Doc. No. 33]. Plaintiff filed another Motion for Leave to Proceed In Forma Pauperis with a certified account statement [Doc. No. 35], which was granted [Doc. No. 37].

(10th Cir. 1999) ("[W]hile prisoners . . . have a right to adequate, effective and meaningful access to the courts, access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts."), or a right to assistance in his divorce case, *see Carper v. DeLand*, 54 F.3d 613, 616–17 (10th Cir. 1995) ("[A] state has no affirmative constitutional obligation to assist inmates in general civil matters."). As such Claims Four, Five, Eight, and Ten should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### 5. Claim Six – Conditions of his Confinement

In Claim Six, Plaintiff alleges he was deprived of safe, clean, and sanitary living. Am. Compl. Ex. 1, at 7. He complains about the condition of his housing and shower pods as well as the amount of cleaning supplies he receives. *Id.* The Court construes this claim as one of deliberate indifference to Plaintiff's health or safety due to the alleged conditions.[5]

Here, Plaintiff's claim is without merit as he identifies neither the individual responsible for the alleged actions, nor the custom or policy, the enforcement of which caused the alleged constitutional injury. *See Gallagher*, 587 F.3d at 1069 ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Norton v. The City of*

---

[5] The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *see also Bell v. Wolfish,* 441 U.S. 520, 535-36 (1979) (conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause); *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 647 (10th Cir. 2017) ("[T]he Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care owed to convicted inmates under the Eighth Amendment.").

The Court notes that the Supreme Court recently decided that a pretrial detainee's excessive force claim brought pursuant to the Due Process Clause is governed by an objective standard and differentiated review of that claim from one brought by a convicted prisoner. *See Kingsley v. Hendrickson*, —— U.S. ——, 135 S.Ct. 2466, 2473 (2015). But the *Kingsley* decision did not address the standard applicable to a pretrial detainee's conditions of confinement and, therefore, the Court follows existing precedent as to the appropriate standard governing such a claim.

*Marietta, Okla.*, 432 F.3d 1145, 1155 (10th Cir. 2005) (holding a municipality cannot be held liable for the unconstitutional conduct of its employees unless the plaintiff can identify a custom or policy, the enforcement of which caused the alleged constitutional injury).[6] Instead, Plaintiff asserts that his rights were violated because the inmate handbook was not enforced. *See* Am. Compl. Ex. 1, at 7. But such an allegation does not give rise to municipal liability. *See Hoyle v. Whetsel*, No. CIV-05-1098-HE, 2006 WL 1049579, at *2 (W.D. Okla. Apr. 19, 2006) (granting judgment due to an absence of a wrongful policy or custom where the plaintiff alleged the deputy sheriffs violated the county's policy); *see also Williams v. Miller*, No. 16-6346, 2017 WL 2438128, at *6 n.14 (10th Cir. June 6, 2017) ("[A] defendant's violation of a prison policy does not a constitutional violation make."). As such, Claim Six should be dismissed for failure to state a claim upon which relief may be granted.

### 6. Claim Nine – Right to Vote

In Claim Nine, Plaintiff asserts he was not permitted to vote by mail in the presidential election despite the fact he was not a convicted felon. Am. Compl. Ex. 1, at 11. Generally, as a pretrial detainee, Plaintiff's right to vote is protected under the Equal Protection Clause. *See O'Brien v. Skinner*, 414 U.S. 524, 529–30 (1974) (government must provide absentee ballots to pretrial detainees if they have no alternative means of voting). But here, Plaintiff neither identifies the individual responsible for the alleged conduct which forms the basis of his claim, nor a custom or policy, the enforcement of which caused the alleged constitutional injury. *See Gallagher*, 587 F.3d at 1069; *Norton*, 432 F.3d at 1155. As such, Claim Nine should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

---

[6] To extent a local government subdivision (municipality) employee is sued in his or her official capacity, it is considered to be a claim against the government itself. *See Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988).

### 7. Claim Twelve – Violation of First Amendment Free Exercise Rights

In Claim Twelve, Plaintiff contends the free exercise of his religion has been hindered. Am. Compl. Ex. 1, at 14. The First Amendment grants prisoners the reasonable opportunity to pursue their sincerely-held religious beliefs. *Gallagher*, 587 F.3d at 1069. First, Plaintiff asserts he has been denied access to clergy due to his "Admin-Seg" status despite the fact that other inmates in such status have been able to visit clergy. Am. Compl. Ex. 1, at 14. Plaintiff also contends: "Further limiting and restricting my religion by mandating an 8 week Bible Study prior to approval to a Baptism." *Id.* Plaintiff, however, did not identify any individuals responsible for either action.[7] Further, he did not identify a custom or policy, the enforcement of which caused alleged constitutional injury. As such, he failed to state a claim with regard to both his individual and official capacity claims. *See Gallagher*, 587 F.3d at 1069; *Norton*, 432 F.3d at 1155. Thus, Claim Twelve should be dismissed.

### 8. Claim Fourteen – Unjust Punishment

In Claim Fourteen, Plaintiff contends he was unjustly punished. Am. Compl. Ex. 1, at 16. Plaintiff asserts Defendant Hopkins conducted a search of his cell on April 9, 2017, claimed to find a shank, and refused to show it to him. *Id.* Then, according to Plaintiff, Defendant Hopkins

---

[7] Although Plaintiff lists individuals as defendants directly above the factual allegations to this claim, he does not attribute any statement or action to any individual. As stated above, the requirements of Rule 8(a) of the Federal Rules of Civil Procedure are particularly important in the context of a § 1983 action involving multiple claims against multiple defendants. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Thus, the complaint should "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* at 1250 (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to comply with Rule 8, the allegations of the plaintiff's complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated").

removed his personal property from the cell,[8] including "several things of [his] 'legal mail.'"[9]  *Id.* Plaintiff contends Wade denied him assistance at his hearing and gave him a twenty-day lockdown. *Id.*  After appealing to the Chief, Plaintiff was advised on April 21, 2017 "stating based on the 'preponderance' of evidence he overturned Hopkin's [sic] & Wade's overzellous [sic] actions depriving [Plaintiff] of [his] rights."[10]  *Id.*

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).[11] Nevertheless, a detainee may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Id.* at 536-37.  Whether a pretrial detainee has been punished "turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate governmental purpose."  *Peoples v. CCA Detention Ctrs.*, 422 F.3d 1090, 1106

---

[8] Plaintiff has made a conclusory allegation regarding the loss of his personal property as a result of the search of his cell.  Plaintiff fails to state a due process claim on this issue because he has an adequate post-deprivation remedy regarding the loss of property.  *See Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) ("[U]nauthorized deprivations of a prisoner's property do not violate due process where state post-deprivation remedies are available, and Oklahoma law provides such remedies.").

[9] To the extent Plaintiff makes an access-to-courts claim with regard to the taking of his legal mail, Plaintiff has not described any actual injury.  As addressed above, Plaintiff may not bring an access-to-courts claim without asserting actual injury.  *See Lewis*, 518 U.S. at 351.

[10] Thus, it does not appear *Heck v. Humphrey*, 512 U.S. 477 (1994), acts as a bar to Plaintiff's claim for damages.  *See Harrison v. Morton*, 490 F. App'x 988, 991-92 (noting that: (a) a prisoner may proceed when he shows his disciplinary conviction has been overturned or invalidated; and (b) *Heck* may not apply when a habeas remedy is unavailable).

[11] In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court noted that the punishment with which the Court concerned itself in *Bell* was punishment of "a detainee for the crime for which he was indicted via preconviction holding conditions."  Plaintiff does not contend he received the alleged lockdown as punishment related to the charges for which he awaits trial.

(10th Cir. 2005). A restriction is not reasonably related to a legitimate government purpose "if it is arbitrary or purposeless." *Id.* "[N]o process is required if a [pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Id.*

Placing restraints on a pretrial detainee that are "reasonably related to the institution's interest in maintaining jail security, do not, without more, constitute unconstitutional punishment, even if they are discomforting." *Id.* (*citing Bell*, 441 U.S. at 540). Further, "ensuring security and order at the institution is a permissible nonpunitive objective." *Id.* (*citing Bell*, 441 U.S. at 541). In this matter, Plaintiff asserts that the basis for being placed on lockdown was that Defendant Hopkins asserted he found a shank during a search of Plaintiff's cell.[12] Am. Compl. Ex. 1, at 16. This reason expresses a purpose for the lockdown decision that is consistent with the maintaining the safety and security in CCDC. And although Plaintiff vaguely contends the determination was ultimately overturned due to Defendants Hopkins and Wade's "overzealous actions," he does not assert facts suggesting any period of lockdown he actually served (which was no more than eleven days) was assigned due to arbitrary or purposeless motives.

Because Plaintiff did not allege facts suggesting any amount of lockdown to which he was subjected amounts to punishment, Claim Fourteen should be dismissed because failed to state a claim upon which relief may be granted.

### 7. Claim Fifteen – First Amendment Violation/Communication with Other Inmates Using Sign Language

Plaintiff asserts in Claim Fifteen that his First Amendment rights were violated when Garner required him to stop conversing in sign language with other inmates. Am. Compl. Ex. 1,

---

[12] Although Plaintiff asserts to have received a twenty-day lockdown, he also admits that the lockdown determination was reversed just eleven days after the search of his cell. Am. Compl. Ex. 1, at 16. Plaintiff does not state when his lockdown began or even if it began at all.

15

at 17 (incorporating Compl. [Doc. No. 1], at 1). Plaintiff contends CCDC regulations did not prohibit him from talking in sign language. *Id.* Plaintiff failed to "include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Gee*, 627 F.3d at 1188 (emphasis in original). In other words, Plaintiff did not allege Garner exercised her authority in a manner unrelated to a legitimate penological interest.[13] Plaintiff's allegations with regard to the freedom of speech claim, therefore, are deficient.

Plaintiff also claims that after he filed a grievance regarding this issue, Garner called him an "asshole" for doing so and smirked at him. Am. Compl. Ex. 1, at 17 (incorporating Compl. 2). Garner also slammed the "bean hole" (the slot trays are passed through) hard causing a loud noise and pain in his ears. *Id.* The Court construes Plaintiff's allegations as a claim of retaliation for filing a grievance. "[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his" constitutional rights. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted). "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). As to the first factor, Plaintiff engaged in protected

---

[13] The Court notes that "restrictions on inmate-to-inmate communications pass constitutional muster if they are reasonably related to legitimate and neutral governmental objectives." *Lewis v. Clark*, 663 F. App'x 697, 700 (10th Cir. 2016) (unpublished) (*quoting Turner v. Safley*, 482 U.S. 78, 89, 93 (1987).

16

activity by filing a grievance. *See Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006). But as to the second factor, the Court cannot conclude that Plaintiff's allegations, under any reasonable interpretation of the law, rise to the level of chilling a person of ordinary firmness from continuing to engage in the grievance procedure. As such, the claim should be dismissed for failure to state a claim.

      **E.    Claims Eleven and Sixteen – Challenges to Plaintiff's Ongoing State-Court Criminal are Subject to *Younger* Abstention**

In Claims Eleven and Sixteen, Plaintiff makes a litany of allegations seeking relief relating to his ongoing criminal proceedings in state court. *See* Am. Compl. Ex. 1, at 13, 17.[14] The Court, however, should abstain from exercising jurisdiction over Claims Eleven and Sixteen under the *Younger* doctrine. The *Younger* doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Three factors warrant this conclusion. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (setting forth factors court should consider when applying the *Younger* doctrine). First, Plaintiff's status as a pretrial detainee demonstrates that his state court criminal proceedings are ongoing.[15] Second, the Oklahoma courts provide an adequate forum to hear Plaintiff's claim. *See, e.g. Fields v. Oklahoma*, No. CIV-14-65-R, 2014 WL 5092618, at *1 (W.D. Okla. Oct. 9, 2014) (declining to exercise jurisdiction pursuant to *Younger* where the plaintiff asserted the state court

---

[14] Plaintiff also purports to assert a HIPAA claim as part of Claim Sixteen. *See* Am. Compl. Ex. 1, at 17. However, he does not have a private right of action under HIPAA. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).

[15] Moreover, the Court takes judicial notice of the docket sheet in Plaintiff's criminal case, *State v. Wonsch*, Case No. CF-16-10, District Court of Cleveland County, State of Oklahoma. Presently state district court has ordered a determination on Plaintiff's competency.

17

had not ruled on motions in a timely manner and requested his attorney return evidence to him). And third, Oklahoma has an important state interest in the resolution of claims raised by Plaintiff. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism).

Moreover, Plaintiff's Amended Complaint is void of any allegations of bad faith or irreparable injury sufficient to demonstrate grounds for finding that an exception to the *Younger* doctrine exists. *See Younger*, 401 U.S. at 46-55 (exceptions exist for "bad faith or harassment," prosecution under a statute "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury). Indeed, Plaintiff alleges only that the trial court has not ruled on his motions and he has had trouble obtaining documents from his attorney. This allegation fails to demonstrate any bad faith or harassment. Standing alone, it is insufficient. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) ("[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment.") (citation omitted). Under these circumstances, *Younger* abstention is "non-discretionary" and "[this] court is required to abstain." *Chapman*, 472 F.3d at 749 (citation omitted). As such the Court should dismiss Claims Eleven and Sixteen without prejudice.

### F. The Court Should Decline Supplemental Jurisdiction Over the Remaining State Law Claims

In Claims Six, Seven, and Thirteen, Plaintiff further asserts various claims alleging violations of Oklahoma law.[16] *See* Am. Compl. Ex. 1, at 7-8, 15. Based on the recommendation

---

[16] To the extent Plaintiff attempts to make a claim under the federal Freedom of Information Act in Claim Seven, it does not apply to Plaintiff's claims, which are all against state and municipal entities and employees. *See* 5 U.S.C. §§ 551, 552 (requiring "agencies" to make information available to the public, where "agency means each authority of the Government of the United States").

that Plaintiff's federal claims be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c); *see also See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (recognizing that where there are no remaining federal question claims in the case, it is proper for the district court to decline to exercise supplemental jurisdiction over state law claims and, indeed, it is the preferred practice).

## **RECOMMENDATION**

For the reasons stated, it is recommended that:

- Section 1983 Claims against the State of Oklahoma, OIDS, and the OSBI be dismissed without prejudice on the grounds of Eleventh Amendment Immunity;

- Plaintiff's claims against Tracy Schumacher be dismissed with prejudice on the basis of judicial immunity;

- Plaintiff's claims against Greg Mashburn and Lori Puckett be dismissed with prejudice on the basis of prosecutorial immunity;

- Plaintiff's claims against James Radford be dismissed with prejudice for failure to state a claim upon which relief may be granted;

- Plaintiff's claims against the Cleveland County Sheriff's Office, the CCDC, the Cleveland County Courthouse, and the Cleveland County Court Clerk's Office be dismissed with prejudice because they are not suable entities;

- Plaintiff's § 1983 claims contained in Claims One, Two, Three, Four, Five, Six, Eight, Nine, Ten, Twelve, Fourteen, and Fifteen should be dismissed without prejudice for failure to state a claim upon which relief may be granted;

- Plaintiff's Claims Eleven and Sixteen are subject to *Younger* abstention and should be dismissed without prejudice; and

- The Court should decline to exercise supplemental jurisdiction over the remaining claims—Claims Seven, Thirteen, and portions of Claim Six—which assert violations of Oklahoma law.

Finally, it is recommended that the dismissal count as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 13, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 22nd day of November, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE